IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| 1200 SOUTH DEVELOPMENT, INC., a Utah corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a National Association,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br><br>Case No. 2:11-CV-1095 TS |

      This matter is before the Court for consideration of various Motions filed by the parties. For the reasons discussed below, the Court finds that Plaintiff's Combined Motion to Add Additional Defendant and Motion to Remand should be granted. Therefore, the Court need not consider the parties' remaining Motions and this matter will be remanded to state court.

I.  BACKGROUND

      The facts of this case are relatively simple. In February 2008, Defendant loaned Plaintiff $2,900,000 for the purpose of developing commercial real property, consisting of four lots, owned by Plaintiff. The loan was secured by a Construction Deed of Trust. Plaintiff defaulted on the loan and Defendant initiated non-judicial foreclosure proceedings against the property.

1

At the foreclosure sale, Plaintiff required the lots be sold separately. Defendant was the successful purchaser of the lots. However, Defendant purchased the lots for an amount that exceeded the debt owed by Plaintiff by at least $307,000.

Through this litigation, Plaintiff seeks those excess proceeds. Plaintiff filed this action in state court and it was subsequently removed by Defendant based on diversity jurisdiction. The parties filed cross motions for summary judgment on December 24, 2012.

Defendant initially argued that no proceeds were generated from the foreclosure sale because Defendant made a credit bid. Plaintiff responded with authority directly contradicting Defendant's argument, and Defendant appears to have since abandoned it.

In response to Plaintiff's motion for summary judgment, Defendant argued that Plaintiff could not assert a claim against Defendant and, if Plaintiff had any claim, it was against the Trustee. This argument spawned two new motions: a motion to dismiss by Defendant and Plaintiff's Combined Motion to Add Additional Defendant and Motion to Remand.[1]

In Plaintiff's Motion, Plaintiff has seized on Defendant's statement that its claim, if any, should be brought against the Trustee. While not agreeing with Defendant's argument that Plaintiff can assert no claim against it, Plaintiff seeks to add the Trustee as a party out of an abundance of caution. However, because the Trustee is a non-diverse party, his addition would destroy diversity and necessitate remand.

---

[1] Defendant has also filed a Motion to Amend Pleading and Modify Scheduling Order, which the Court need not address in this Order.

## II.  DISCUSSION

Where, as in this case, a responsive pleading has been served, Federal Rule of Civil Procedure 15(a)(2) dictates that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  The Rule specifies that "[t]he court should freely give leave when justice so requires."[2]

"The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[3]  However, the Court may refuse to grant leave to amend where it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[4]

Considering the facts presented, the Court finds that leave should be given in this case and Plaintiff should be allowed to name the Trustee as a Defendant.  There is no evidence of undue delay, bad faith, or dilatory motive on the part of Plaintiff.  Rather, Plaintiff quickly sought amendment when Defendant argued that Plaintiff's claims were directed at the incorrect party.  Further, the Court finds no undue prejudice to Defendant if amendment were permitted, as Defendant has also sought to add a new claim.

---

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[4] *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As the Trustee is a non-diverse party, his addition would require remand.[5]  However, Plaintiff does not have a categorical right to join a non-diverse party.[6]

> Federal Rule of Civil Procedure 15(a)(2) allows amendments only with leave of the opposing party or the court.  Further, under Rule 19 the district court must determine whether the party sought to be joined is indispensable.  If so, Rule 19 requires the court either to join the party, in which case remand is necessary under [28 U.S.C.] § 1447(e), or to deny joinder, in which case Rule 19(b) also requires that the action be dismissed.  If the defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court.  In exercising this discretion, the district court typically considers several factors [including whether] the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith . . . .  If the district court determines that joinder is appropriate, § 1447(e) requires remand to state court.  If the district court decides otherwise, it may deny joinder.[7]

There is a three-step process for determining whether a party is indispensable.  First, the Court must determine whether the absent party is "necessary."[8]  Second, if the absent party is necessary, the Court must determine whether joinder is feasible.[9]  Third, if joinder is not feasible, the Court must decide whether the absent party is "indispensable," that is, "whether in 'equity and good conscience' the action can continue in his absence."[10]

---

[5]28 U.S.C. § 1447(c), (e).

[6]*McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

[7]*Id*. at 951–52 (internal quotation marks and citations omitted) (first alteration added).

[8]*Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001).

[9]*Id*.

[10]*Id*.

As to the first factor, a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties . . . ."[11]

Plaintiff seeks relief under Utah Code Ann. § 57-1-29. That provision states, in pertinent part:

> (1)(a) The trustee shall apply the proceeds of a trustee's sale in the following order:
> (i) first, to the costs and expenses of exercising the power of sale and of the sale, including the payment of the trustee's and attorney fees actually incurred not to exceed any amount provided for in the trust deed;
> (ii) second, to payment of the obligation secured by the trust deed; and
> (iii)(A) the balance, if any, to the person or persons legally entitled to the proceeds
> . . . .

Plaintiff argues that it is the person "legally entitled to the proceeds" of the foreclosure sale in this case.

As stated, in response to Plaintiff's motion for summary judgment and in its motion to dismiss, Defendant argues that any claim that Plaintiff may have should be asserted against the Trustee. Defendant relies on the Utah Supreme Court case of *Randall v. Valley Title*,[12] in support of its argument.

In *Randall*, the Utah Supreme Court interpreted § 57-1-29. There, as here, the successful bidder at a trustee sale bid more than the amount of indebtedness and the plaintiff sued, claiming entitlement to those excess proceeds. The trustee refused and the plaintiff sued both the trustee and the successful bidder.

---

[11] Fed. R. Civ. P. 19(a)(1).

[12] 681 P.2d 219 (Utah 1984).

The trial court found "that the trustee was the only person liable for distribution of proceeds" under Utah Code Ann. § 57-1-29.[13] The Utah Supreme Court held that "[a] trustee under trust deed may not ignore its statutory responsibilities in order to further the interests of some interest holders at the expense of others."[14] The court concluded that the plaintiff was entitled to recover the excess proceeds from the trustee.[15] However, the court further stated that the plaintiff was not entitled to recover any sum from the successful bidder.[16]

Under this case, Plaintiff, at the very least, has a viable claim against the Trustee. As in *Randall*, the Trustee appears to have "ignore[d] [his] statutory responsibilities in order to further the interests of some interest holders at the expense of others."[17] This he cannot do. Therefore, the Trustee is a necessary party so that both Plaintiff and Defendant can fully adjudicate their claims.

Plaintiff argues the Utah Supreme Court's statement in *Randall* is dicta and that it may maintain a claim against Defendant. Plaintiff points to Utah Code Ann. § 57-1-27(1), which provides that "[e]ach bid is considered an irrevocable offer" and "[a] bidder refusing to pay the bid price is liable for any loss occasioned by the refusal."[18] The Court wishes to make clear that,

---

[13]*Id*. at 221.

[14]*Id*. at 222.

[15]*Id*.

[16]*Id*.

[17]*Id*.

[18]Utah Code Ann. § 57-1-27(1)(a), (b).

by granting this Motion, the Court makes no ruling on the viability of any claim Plaintiff may have against either the Trustee or Defendant, or any claim that the Trustee, once added as a party, may have against the Defendant.

The second factor for determining whether a nonparty is indispensable—whether joinder is feasible—is also met. Because the Trustee is a non-diverse defendant, his joinder to this case would destroy subject matter jurisdiction.

Finally, because joinder is not feasible, the Court must determine whether in "equity and good conscience" the action can continue without the Trustee. In making this determination the Court considers the following factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.[19]

These factors weigh in favor of finding that the Trustee is indispensable. First, the absence of the Trustee would be prejudicial to Plaintiff because, as set forth above, Plaintiff has a potential claim against the Trustee and Defendant argues that the Trustee is the proper party. Second, the prejudice could not be lessened. Third, the judgment would not be adequate without the Trustee because of Plaintiff's potential claim against the Trustee and any potential claim the Trustee may have against Defendant. Finally, Plaintiff has an adequate remedy in state court if

---

[19] Fed. R. Civ. P. 19(b).

this case is remanded. Even if the Trustee was not an indispensable party, the Court would permit amendment under Rule 20.

Defendant makes two arguments in opposition to Plaintiff's Motion. Defendant first argues that the Motion must be denied because Plaintiff failed to attach a copy of the proposed amended complaint to their Motion as required by local rule.[20] However, Plaintiff only seeks to add a party, the Trustee, and does so because of Defendant's statement that any claim should be pursued against that party. Further, Plaintiff has attached a proposed amended complaint to its reply brief.[21] Therefore, the Court can find no prejudice as a result of Plaintiff's technical failure.

Defendant also argues that the Court should employ its equitable powers to order the resale of the property. Because the Court finds that amendment is appropriate, it is without jurisdiction over this matter and it must be remanded. Therefore, the Court declines Defendant's invitation to exercise its equitable authority.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Combined Motion to Add Additional Defendant and Motion to Remand (Docket No. 50) is GRANTED. It is further

---

[20] *See* DUCivR 15-1.

[21] The Court recognizes that Plaintiff's proposed amended complaint does more than simply add the Trustee as a defendant. However, the additional allegations and claims set forth in the proposed amended complaint have been the subject of multiple motions. Therefore, Defendant can claim no surprise by their addition.

ORDERED that the remaining motions (Docket Nos. 25, 28, 41, and 47) are DENIED WITHOUT PREJUDICE.

The hearing set for April 8, 2013, is STRICKEN.

The Clerk of the Court is directed to remand this case to the Fourth Judicial District Court of Wasatch County, State of Utah.

DATED April 3, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge